The dispute with respect to them may be decided by laying down the rule with regard to boundaries. It is this: Wherever the beginning is ascertained, and the lines from thence are by the words of the patent to terminate at a natural boundary, as a swamp, branch, creek, river, mountain, hill, or the like, if either the course or distance mentioned in the patent will not extend the line to the natural boundary, the course or distance, or both, must be disregarded, and the line, notwithstanding these, must be extended to that natural boundary, if the course will lead to it; but if the distance falls short, the line must be extended beyond the distance till it arrives at the natural boundary. And in the present case, if the dotted line will not extend to or intersect the natural boundaries called for in the patent, and if, on the contrary, the other lines will extend to them, the result in point of law is that these latter are to be deemed the lines described in the patent; and then there can be little doubt (254) with regard to any of them until we arrive at the pine in the marsh. As to the line leading from thence, it is remarkable that the counsel on both sides have admitted that there was no actual survey of the land before the patent issued; hence follows an unreasonableness in supposing that the line from thence was run through the marsh. It was of no value in those times, and the surveyor and chain carriers would hardly have run through so miry a part of it for the purpose of taking in so small a portion of it. If we suppose the course mistaken, which might easily be, and that the line run in fact along the edge of the marsh, and in that direction terminated on the river, it will still terminate in the old field, which may be considered as a natural boundary; and in this direction the distance will be completed without crossing the river, which the patent doth not call for, as it has done in other instances where the line does cross the river. That direction and termination is attended with this further advantage, that the next line drawn from thence according to the course and distance in the patent, crossing the old field longitudinally, crosses the river but once, as mentioned in the patent, and completes the distance in the peninsula without crossing the river a second time; and then the termination of that line is on the northwest side of the river, as called for in the patent, and not on the northeast. It would be attended with this further advantage, that the next line drawn from the termination last mentioned, according to the course and distance in the patent, issues from the peninsula, through the narrow neck of land that connects the peninsula with the adjoining land, where at the date of the patent there was not any canal, and will not cross the river as it ran at the date of the patent. Whereas, if it be drawn from either of the other two points, it will cross the river at two places, although that *Page 203 
circumstance is not mentioned in the patent. The circumstances upon which this supposition is founded are all of them circumstances arising from the natural boundaries that are in this case, namely, the marsh, the old field, the river crossed but once, the line terminating on the northwest side, and the river not crossed at all by the last line; and as they are furnished by a consideration of the natural boundaries, they are competent to justify the jury in disregarding the course called for in the patent, of the line from the pine; especially as the patent mentions natural boundaries in every other instance where the lines did intersect them, and as in the description of the last line it has not mentioned crossing the river at all; whereas it must cross it in two places (255) if what either the plaintiff or defendant contends for be true. According to the before mentioned supposition, it will cross at the canal, where at the time of this patent there was none; and so it will be accounted for, why the patent in describing this line has not mentioned the river, as it did with respect to the line next preceding, and in every other case where a natural boundary was touched. If this supposition be adopted, the plaintiff is entitled to recover a part of what he contends for only.
The jury found the defendant not guilty.
NOTE BY REPORTER. — This verdict must have been founded upon a supposition that the line in controversy was to be drawn from a termination of the line next preceding, being at a point immediately after its crossing the river, and not at a point further on in the peninsula — from whence the last line being drawn by the course and distance in the patent would have crossed the canal.
See Bradford v. Hill, ante, 22.
Cited: Cherry v. Slade, 7 N.C. 86.